UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA KEPIC, | ) | CASE NO. 1:17-cv-2422 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiff Amanda Kepic ("Kepic" or "plaintiff") for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $1,260.55. (Doc. No. 23 ["Mot."].) Defendant Commissioner of Social Security Administration ("Commissioner") does not object to the fee award sought under § 406(b). (*See* Doc. No. 24.) For the reasons that follow, plaintiff's motion is granted.

**A. BACKGROUND**

This action, filed pursuant to 42 U.S.C. § 405(g), sought judicial review of the Commissioner's denial of Kepic's application for disability insurance benefits. (*See* Doc. No. 1.) After review and without objection by the Commissioner, the Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (*See* Doc. Nos. 16, 17.) On remand, the Commissioner determined that Kepic was entitled to monthly disability benefits. (*See* Doc. No. 23-2).

Subsequently, the parties filed a joint motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $1,500.00, which the Court granted. (*See* Doc. Nos. 18, 21, 22.) But the EAJA fee award was intercepted by the U.S. Treasury

Department and not received by Kepic or her counsel because of an outstanding debt owed by Kepic to the federal government. (*See* Mot. at 1899-1900[1] and Doc. No. 23-5.) Kepic now moves for approval of a fee award under 42 U.S.C. § 406(b) in the amount of $1,260.55 and submits various documents in support. (*See* Doc. Nos. 23-1—23-6.)

### B. DISCUSSION

#### 1. Attorney fees under § 406(b)

Under 42 U.S.C. § 406(b)(1), following a favorable judgment on a Social Security disability appeal as is the case here, the Court may award attorney fees not to exceed 25% of the past-due benefits received by the claimant. *Michelle R. Boggs v. Comm'r of Soc. Sec.,* No. 2:14–cv–613, 2017 WL 3608249, at *1 (S.D. Ohio Aug. 21, 2017) (citing 42 U.S.C. § 406(b)(1); *Lowery v. Comm'r of Soc. Sec.,* 940 F. Supp. 2d 689, 691 (S.D. Ohio 2013)). Section 406(b)(1) places a 25% cap on the amount of fees recoverable and requires that the fee award be reasonable in light of the service rendered. *Id.* (citing 42 U.S.C. § 406(b)(1); *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)). Sixth Circuit precedent "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25–percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (en banc)).

Deductions to large fees are only made in two situations: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes*, 923 F.2d at 420–21 (quoting *Rodriquez*, 865 F.2d at 746). But the Sixth Circuit has held

---
[1] All page number references are to page identification numbers generated by the Court's electronic filing system.

that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422 (footnotes omitted).

### 2. Analysis

Plaintiff entered into a fee agreement with counsel whereby she agreed to pay her attorney 25% of total past-due benefits awarded by the agency if the case was won after a decision by the Court. After remand to the Commissioner by this Court, plaintiff was awarded past-due social security benefits in the amount of $60,514.20. Twenty-five percent of that amount is $15,128.55. (*See* Mot. at 1900.)

Plaintiff submitted a fee petition to the Social Security Administration and time sheet documenting 37 hours expended by plaintiff's counsel at a rate of $350.00 per hour, and 10.8 hours expended by counsel's legal assistant at a rate of $85.00 per hour for a total of $13,868.00 (see Doc. No. 23-3), which was authorized by the Acting Regional Chief Judge of Social Security Office of Hearing Operations under § 406(a) for counsel's administrative work. (*See* Doc. No. 23-4).

The fee authorized by the Social Security Administration, plus the 406(b) fee of $1,260.55 sought for twelve (12) hours of work expended by plaintiff's counsel before this Court, totals 25% of past-due benefits authorized by the fee agreement between plaintiff and counsel and does not exceed the amount authorized under § 406(b). (*See* Mot. at 1900.) Moreover, the fee sought by plaintiff for counsel's work before this Court calculates to an hourly rate of $105.05, which the Court finds to be reasonable given the successful outcome achieved by counsel and well below the hourly rate considered reasonable for fees sought under § 406(b), and does not constitute a windfall

to plaintiff's counsel.  *See Hayes*, 923 F.3d at 421–22; *see also Hayes v. Comm'r of Soc. Sec.*, No. 1:13-cv-2812, 2015 WL 4275506, at *3 (N.D. Ohio July 14, 2015) (an hourly rate of $350.00 is an appropriate upper limit in awarding attorney fees pursuant to 406(b)) (collecting cases).

Although Kepic was awarded an EAJA fee award of $1,500.00, that sum was never received by plaintiff or her counsel due to a debt plaintiff owed to the federal government. (*See* Doc. Nos. 21, 22, 23-5.) Therefore, counsel need not refund the awarded EAJA fee to plaintiff. *See Bowman v. Colvin*, No. 1:09 CV 248, 2014 WL 1304914, * 2 (N.D. Ohio Mar. 27, 2014) (counsel may not receive fees under both the EAJA and § 406(b) (citing *Jankovich v. Bowen,* 868 F.2d 867, 871, n.1 (6th Cir. 1989)); *see also* Doc. No. 24 at 1940 (citation omitted).

### C. CONCLUSION

For all the foregoing reasons, the plaintiff's motion is granted. The Court hereby awards attorney fees to plaintiff under 42 U.S.C. § 406(b) in the amount of $1,260.55.

**IT IS SO ORDERED**.

Dated: April 6, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**